FILED

11:28 am, 3/23/12

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| MICHAEL J. HERNANDEZ, ) | Case No. 11-21090 |
| ) | Chapter 13 |
| Debtor. ) | |

## OPINION ON CONFIRMATION OF
## DEBTOR'S AMENDED CHAPTER 13 PLAN DATED JANUARY 26, 2011

On March 21, 2012, this matter came before the court for an evidentiary hearing on confirmation of the Debtor's Amended Chapter 13 Plan dated January 26, 2011 ("Amended Plan") and the Trustee's objection. The court reviewed the record, testimony and evidence and determines that the Amended Plan shall be confirmed.

**Findings of Fact**

Debtor filed his chapter 13 bankruptcy case on October 5, 2011. On that same date, he filed his original chapter 13 plan. The Trustee objected to confirmation of the original plan and the court set the matter for an evidentiary hearing. Subsequently the Debtor filed an Amended Plan. Again, the Trustee filed an objection. At the time that the Debtor filed his bankruptcy petition and original plan he claimed a household size of three which included himself and his two children. Debtor testified that his ex-spouse has primary care of the children, subject to his visitation of weekends, alternating holidays and summer vacation. Debtor and his ex-spouse agreed, pursuant to the parties' Child Custody and Property Settlement Agreement, that each would claim both children as tax deductions in alternating years.

Subsequent to filing for bankruptcy, Debtor remarried. His current spouse has two children that live with Debtor and his spouse (their mother). Debtor filed the Amended Plan and Amended Form 22C asserting a household size of five, which includes himself, his spouse, her two children and one of his children. The effect of the change in the Debtor's household size is that his Amended Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form 22C") reflects that based upon comparing the Debtor's current monthly income with the Wyoming median family income for a house of that same size, Debtor is a below median income debtor.

**Discussion**

The Debtor argues that for the purposes of determining his applicable commitment period and disposable income his household size is five. The Trustee argues that the applicable commitment period is determined at the time that the Debtor filed for bankruptcy petition and should be calculated as two. Additionally, the Trustee argues that the Debtor voluntarily re-married and should not be able to claim a larger household size for purposes of determining projected disposable income.

<u>Determination of the applicable commitment period</u>

The issue is what date is used to determine the Debtor's applicable commitment period for his chapter 13 plan and the extent which his post-petition and pre-confirmation changes in household size affect that calculation. This is an issue of first impression with this court.

A Debtor may amend his petition and schedules, and in fact has a duty to do so, to provide the parties and court current information regarding his financial situation.[1]

The Bankruptcy Code establishes the applicable commitment period upon a trustee's objection to confirmation of a plan.[2] The applicable commitment period is three years if the current monthly income of the "debtor and the debtor's spouse combined" is below the applicable state median income but five years if that current monthly income is above the applicable state median income.[3]

The Bankruptcy Court for the District of Kansas discussed the Bankruptcy Code and when the applicable commitment period is determined in *In re Anderson*. According to *Anderson*, "§1325(b)(1) provides the only guidepost for determine when the applicable commitment period is determined."[4] Section 1325(b)(1)(B) states,

> If the trustee of the holder of an allowed unsecured claim objections to the confirmation of the plan, then the court may not approve the plan unless, *as of the effective date of the plan* [5]–
> [T]he plan provides that all the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan."

The Kansas Court determined that "as of the effective date of the plan" is the date

---

[1] Fed. R. Bankr. P. 1009(a).

[2] §1325(b).

[3] 8-1325 *Collier on Bankruptcy*, P 1325.11.(d) (16th ed., Matthew Bender & Company, Inc.)

[4] *In re Anderson*, 367 B.R. 727, 731 (Bankr. D. Kan. 2007).

[5] Emphasis added.

on which the debtor's proposed plan is confirmed. "The debtor's household size on the date the plan is confirmed is the pertinent benchmark."[6]

Other courts which have addressed this specific issue include the United States Bankruptcy Court for the District of Oregon in *In re Fleishman*[7] and the United States Bankruptcy Court for the District of Illinois, Western Division in *In re Baker*.[8] Both courts have followed the *Anderson* court and its analysis of the Bankruptcy Code.

This court finds the analysis of the Bankruptcy Code in Anderson persuasive. The clear language of the statute reflects that upon the trustee's objection of a plan under §1325(b)(1), the Debtor's applicable commitment period is determined, upon the effective date of the plan or its confirmation. Therefore, if the court confirms the Debtor's Amended Plan, and according to the calculations on his Amended Form 22C, his applicable commitment period is 36 months.

Next the trustee objects to the Debtor claiming his spouse and two step-children as dependents. This court has addressed the standard for determining dependents in *In re Heinze*.[9] In Heinze, this court adopted the "dependent" approach as established by the Bankruptcy Court of Louisiana,[10] stating:

---

[6] *Id.* at 731.

[7] *In re Fleishman*, 372 B.R. 64 (Bankr. Ore. 2007).

[8] *In re Baker*, Case No. 08 B 72480, 2008 Bankr. LEXIS 391, Bankr. N.D. Ill. West Div. January 30, 2009).

[9] *In re Heinze*, Case No. 10-20455, 2011 Bankr. LEXIS 187, (Bankr. D. Wyo. January 11, 2011).

[10] *In re Dunbar*, 99 B.R. 320 (Bankr. M.D. La. 1989).

Page 4

> In the "dependant" approach, the debtor must have reasons to provide support for a dependant and the claimed dependant must have a reason to rely on the debtor...The court considers the following factors to determine if the dependant should be included in the household size: (1) the length of time the claimed dependant resided in the household; (2) the reason the claimed dependant resides in the household; (3) the age of the alleged dependant; (4) how much income or support the dependant receives from a third party; (5) whether the dependant is in school; and, (6) whether the dependant could be claimed as an IRS deduction or qualify in another legal way, i.e. for purposes of medical insurance.

The Debtor testified that his current wife and children have been living with him for one year; that the step-children live in the home full time; his wife has primary custody of the children, whose ages are 12 and two and one-half years old, respectively; and both children are suppose to receive child support from their natural fathers. One child has visitation with his father in New Hampshire and receives the child support. However, the visitation of the other child is pending and no child support is received. The Debtor testified that he pays the rent, food, gas for heat, fuel for vehicles, cell phone, clothing for himself, and medical insurance for his wife and her children. He also pays child support for his children, medical insurance, pay one-half of the uninsured medical expenses, and buys clothing for his own children. The Debtor's spouse owes a small business. However, according to her 2010 tax return the business operated at a loss. Debtor and Debtor's spouse will file their 2011 tax return together and claim her children.[11]

---

[11] According to the alternating year agreement regarding his children's tax exemptions, he will not claim his children for the 2011 tax year..

The court finds that the Debtor meets the standards to claim his spouse and step-children as dependents for the purpose of determining household size. The spouse and children have been living with the Debtor for one-year; the parties have married; the children are minors; the spouse does not have an independent income source and receives child support only for one of the children; one of the children is in school; the other is not of school age; both children and the Debtor's spouse will be claimed as an IRS deduction in their joint return for 2011.

Based upon the above analysis, the Debtor's Amended Plan complies with §1325(a)(3) and §1325(b)(4) and may be confirmed as a three-year plan, claiming the dependants to encompass a household size of five. The Court overrules the Trustee's Objection to Confirmation.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 23 day of March, 2012.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Frank Watkins
    Mark Stewart